UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

**PRE-CONFIRMATION AMENDED CHAPTER 13 PLAN**

Dated:            17-Jun-16

DEBTORS:   Guy L. Giuffre                                                          Docket #: 15-14223-JNF

I. AMENDED PLAN PAYMENT AND TERM:
TERM OF THE PLAN:            36 Months unless unsecured claims are paid 100% sooner
If the plan is longer than thirty-six (36) months, a statement of cause under §1322(d) must be provided below or attached hereto.

AMENDED PLAN PAYMENT: Debtor(s) to pay monthly      $102.00
EFFECTIVE:            7/1/16 (Insert new payment beginning date.)

The claims listed below must include amounts previously disbursed by the Trustee on all claims which have subsequently been withdrawn or disallowed.

II. SECURED CLAIMS
A. Unmodified secured claims to be paid by the Trustee (including arrears):

| Creditor Name | Description of claim | Amount of claim: |
|---|---|---|
| NONE | | |
| | Total of unmodified secured claims: | $0.00 |

B. Claims to be paid directly to creditors (not by Trustee):

| Creditor Name | Description of claim | Amount of claim: |
|---|---|---|
| Deutsche Bank as Trustee | Debtor avers that the mortgage & promissory note are not enforceable for the reasons stated in Adversary Proceeding no. 16-1095. No payments will be made to Deutsche Bank or its servicer. In the event that the debtor is not successful in the Adversary, the property will be surrendered to Deutsche Bank or its assignee, and the debt will be discharged. | |
| | Total of secured claims to be paid directly: | $0.00 |

C. Secured claims being modified:   (See attached for description of modification and basis therefor)

| Creditor Name | Description of claim | Amount of claim: |
|---|---|---|
| NONE | | |
| | Total of modified secured claims: | $0.00 |

D. Leases:
  i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of:
      NONE
  ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of:

                      NONE
    iii. The arrears under the lease to be paid by the trustee are:
                            Creditor name:

                        Grand total of secured claims:            $0.00

## III. PRIORITY CLAIMS
    A. Domestic Support Obligations:

| Creditor Name | Description of claim | Amount of claim: |
|---|---|---|
| NONE | | |

    B. Other

| Creditor Name | Description of claim | Amount of claim: |
|---|---|---|
| NONE | | |

                            Total of priority claims:            $0.00

## IV. ADMINISTRATIVE CLAIMS
    A. Attorneys fees (to be paid by Trustee)        $2,000.00
        Attorney's name: David G. Baker, plus such additional amounts as the court allows.
    B. Miscellaneous fees:        NONE
    C. The Chapter 13 Trustee's fee is determined by order of the United States Attorney
       General. The calculation of the plan payment set forth below utilizes a 10%
       trustee's fee. In the event that the trustee's fee is less than 10%, the additional
       funds collected shall be disbursed to unsecured creditors up to 100% of
       allowed claims.

## V. UNSECURED CLAIMS
Creditors holding allowed general unsecured claims shall receive a dividend of: 100.00%

    A. General unsecured claims (Schedule F):        $0.00
    B. Unsecured claims resulting from lien avoidance (§522(f)):

| Creditor Name | Description of claim | Amount of claim: |
|---|---|---|
| NONE | | |

    C. Unsecured portion of undersecured claims ("cramdown"): NONE
      *(See Liquidation Analysis, below, for description of property and valuation)*

| Creditor Name | Description of claim | Amount of claim: |
|---|---|---|
| NONE | | |

    D. Total A + B + C:        $0.00  Multiply by dividend:        $0.00
    E. Separately classified unsecured claims (co-borrower, etc.; §1322(b)(1)):

| Creditor Name | Description of claim | Amount of claim: |
|---|---|---|
| NONE | | |

                        Dividend:        Total:        $0.00
    The debtor(s) state(s) that separate classification is appropriate because:

V. OTHER PROVISIONS
    A. Liquidation of assets to be used to fund plan:
    NONE
    B. Miscellaneous provisions:
    The allegations of the complaint in the related Adversary Proceeding are incorporated herein by reference.

VI. CALCULATION OF PLAN PAYMENT:

A. Secured claims:     $0.00

B. Priority claims:     $0.00

C. Administrative claims:     $2,000.00

D. General unsecured claims:     $0.00

E. Separately classified unsecured claims:     $0.00

F. Sub-total of A through E above:     $2,000.00

G. Divide F by .90 for total including Trustee's Fee:     $2,222.22
    (Cost of plan)
(This represents the total amount to be paid into the Chapter 13 plan.)

H. Subtract the total amount of payment the Debtor(s) have paid to the Trustee to date:     $612.00

I. Total amount left to be paid (g minus h)     $1,610.22

J. Divide I by number of months remaining:     $55.52

*Notwithstanding this calculation, the debtor shall continue to pay $102 per month in anticipation of additional legal fees being required.*

## LIQUIDATION ANALYSIS

[x]     The Debtor avers that there have been no material changes in the total amount set forth in the Summary of the Liquidation Analysis of the Debtor's previously confirmed plan.

Pursuant to the Chapter 13 rules, the debtor (or the debtor's attorney) is required to serve a copy of the Plan upon the Chapter 13 trustee and all creditors and interested parties, and file a Certificate of Service stating the date and method of service, and the name and address of all entities served.

/s/     *David G. Baker*     Date:     6/18/2016
Debtor's Counsel
Address:     236 Huntington Avenue, Ste. 306
    Boston, MA 021115
Telephone:     617-367-4260

I DECLARE UNDER THE PENALTIES OF PERJURY THAT I HAVE READ THE ATTACHED CHAPTER 13 PLAN AND THAT ALL REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.


/s/        *Guy L. Giuffre*                         Date:
Debtor

                                                    Date:
Co-debtor